IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JACKIE DIANE ALLEN** and § <br> **RICHARD B. TOBIAS,** § <br> Plaintiffs, § <br> § <br> § <br> **v.** § <br> § <br> **DAVID TRAVIS, ANTHONY W.** § <br> **SCHWIGER, and KEN PRICE,** § <br> Defendants. § | **Civil Action No. 3:06-CV-1361-M** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order*, filed January 23, 2007, "*Defendant Kenneth Price's Motion to Deny Plaintiff Tobias Permission to Proceed as a Sanctioned Litigant, or in the Alternative, for Rule 11 Sanctions Including Dismissal or the Payment of Security*," filed January 4, 2007, and the "*Motion to Dismiss by Defendants David Travis and Anthony Schwiger for Failure to Complete Service within 120 Days of Filing*," filed January 12, 2007, have been referred to this Court for hearing, if necessary, and determination. Based on the filings and applicable law, this Court finds that the motions of Defendants should be **DENIED**.

**I. BACKGROUND**

On July 28, 2006, Jackie D. Allen and Richard B. Tobias (individually "Allen," "Tobias;" collectively "Plaintiffs") filed this civil rights action against United States Deputy Marshals David Travis ("Defendant Travis") and Anthony Schwiger ("Defendant Schwiger"), and Court Security Officer Ken Price ("Defendant Price"). Plaintiffs assert claims under 42 U.S.C. § 1983, § 1985, the

1

Federal Tort Claims Act, a *Bivens*[1] claim as well as state law claims. (*See* Compl. at 1-6). Plaintiffs' claims against Defendants Travis and Schwiger arise from the execution of a writ of attachment issued by this Court in a related litigation where Plaintiffs were sued on a copyright infringement claim. *See Groden v. Allen*, No. 3:03-CV-1685-R (N.D. Tex. 2003). The *Groden* litigation involved a dispute between Allen, Tobias, and Robert J. Groden over the copyrights to certain books and other materials, whose subject matter involved the assassination of President John F. Kennedy. *See* Doc. No. 18, (3:03-CV-1685-R) (N.D. Tex. Aug. 22, 2003). Following a jury trial, Groden was awarded a judgment against Allen and Tobias, jointly and severally in the amount of $729,375 plus pre-and post-judgment interest and attorney's fees. *See* Doc. No. 196, (3:03-CV-1685-R) (N.D. Tex. June 22, 2004). Notwithstanding specific Court orders, Plaintiffs have attempted various tactics to avoid complying with the judgment in the *Groden* matter. *See e.g.*, Doc. No. 266, (3:03-CV-1685-R) (N.D. Tex. Feb. 4, 2005). Plaintiffs' claims against Defendant Price arise from the performance of his duties as a court security officer, which involved following a judge's orders to remove Tobias from the courtroom during a hearing in the *Groden* matter because he persisted in disruptive behavior. (*See* Compl. at 4); *see also* Doc. No. 423, (3:03-CV-1685-R) (N.D. Tex. May 1, 2006). Additionally, Plaintiffs allege that all the Defendants participated in a conspiracy to deprive them of their property. (*See* Compl. at 5).

Defendant Price initially filed a motion to dismiss on October 10, 2006 arguing that Plaintiffs could not pursue this litigation without complying with the requirements in a sanctions order entered by the United States Court of Appeals for the Fifth Circuit. *See* Doc. No. 6, (3:06-CV-1361-M) (N.D. Tex. Oct. 10, 2006); *see also Groden v. Allen*, No. 06-10366 (5th Cir. Jul. 27, 2006). The District Court granted Defendant Price's motion and dismissed Plaintiffs' claims without prejudice. *See* Doc. No. 9,

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau*, 403 U.S. 388 (1971).

(3:06-CV-1361-M) (N.D. Tex. Oct. 25, 2006). After paying the monetary sanctions imposed by the Fifth Circuit, Plaintiffs filed a motion for new trial, and the District Court granted the motion on November 9, 2006. *See* Doc. No. 13, (3:06-CV-1361-M) (N.D. Tex. Nov. 9, 2006). On that same date, the District Court also granted the Plaintiffs' motion to recuse, and the case was reassigned and reopened. *See* Doc. Nos. 14, 15 (3:06-CV-1361-M) (N.D. Tex. Nov. 9, 2006).

On November 22, 2006, Defendant Price filed his answer. In the motion presently before the Court, filed January 23, 2007, Defendant Price again moves to deny Plaintiffs permission to proceed with this litigation based on the fact that Tobias has been sanctioned by the United States Court of Appeals for the Fifth Circuit and barred from filing any civil complaints until he pays monetary sanctions and obtains permission from a judge of the district court. *See* Defendant Price's Brief in Support of Motion at 4. Alternatively, Defendant Price argues the Court should treat Tobias as a vexatious litigant under Texas Civil Practice and Remedies Code §11.054 and impose sanctions under Rule 11, including dismissal of Plaintiffs' original complaint[2] or order Plaintiffs to pay $50,000 in cash as security for their suit before being allowed to proceed. *Id.* at 4-5. Defendant Price argues, in the alternative, that the Court can and should impose these sanctions under 28 U.S.C. § 1927 or under its inherent powers. *Id.* Although Plaintiffs had ample opportunity to respond to Defendant Price's motion, no response has been filed to date. *See* N.D. Loc. R. 7.1(e); *see also* Doc. No. 32, (3:06-CV-1361-M) (N.D. Tex. Jan. 26, 2007) (Order).[3]

---

[2] Defendant Price concedes that only Tobias has been sanctioned by the Fifth Circuit but argues that Allen should be treated the same because of her association with Tobias. *See* Defendant Price's Brief in Support of Motion at 4. Defendant Price cites no legal authority that supports this argument, and the Court was unable to locate any. Given that Rule 11 of the Federal Rules of Civil Procedure requires specific findings of misconduct on the part of the sanctioned litigant, the Court cannot find that Allen should be sanctioned based solely on her association with Tobias.

[3] Because none of Defendant Price's motions involve issues that are dispositive of the claims, this Court has jurisdiction to decide the motions. *See Tota v. Franzen*, No. 06-CV-514S, 2006 WL 3422433, at *1 (W.D. N.Y. Nov. 28, 2006) (citing *Weeks v. Stevedoring Co. v. Raymond Int'l Builders, Inc.*, 174 F.R.D. 301, 304 (S.D. N.Y.

In a separate motion, Defendants Travis and Schwiger move for dismissal under FED. R. CIV. P. 12(b)(2), (b)(4), and (b)(5) because Plaintiffs failed to properly effect process as required under Rule 4(e) and (i) within 120 days of filing suit. *See* Defendants' Motion to Dismiss at 1-2. Plaintiffs filed a response to this motion, and Defendants filed a reply to Plaintiffs' response. Thus, the issues are now ripe for decision.

## II. MOTION TO DENY PERMISSION TO PROCEED

Defendant Price primarily argues that the Court should deny Plaintiff Tobias permission to proceed as a sanctioned litigant for failure to pay the monetary sanctions[4] imposed by the Fifth Circuit and failure to obtain written permission from a judge of this Court prior to filing this action. *See* Defendant Price's Brief in Support of Motion at 7. This Court previously issued an Order "taking judicial notice that Plaintiff's [monetary] sanction has been paid." *See* Doc. No. 13, (3:06-CV-1361-M) (N.D. Tex. Nov. 9, 2006) (Order Granting Plaintiffs' Motion for New Trial). Further, the Fifth Circuit's order imposing sanctions, expressly states that once Tobias has "proof that the sanction has been paid," he "is required to seek advance written permission of a judge of the forum court before filing any *pro se*, *in forma pauperis, civil appeal*, or any *pro se, in forma pauperis, initial civil pleading*." *See Groden v. Allen*, No. 06-10366, slip op. at 2 (5th Cir. Jul. 27, 2006) (emphasis added).

---

1997) (Magistrate Judge's decision on Rule 11 sanctions is not dispositive)); *see also Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 75 (S.D. N.Y. 1991) (Lee, Mag. J.) ("pecuniary sanctions are not 'dispositive' orders and may therefore be entered by Magistrates, even in the absence of consent, pursuant to the power to 'hear and determine' conferred by § 636(b)(1)(A).").

[4] Although Defendant Price states that the Fifth Circuit imposed two sanctions in the amount of $500 each, the opinions Defendant cites in his brief and attaches in his appendix are duplicate copies of the opinion rendered by the Fifth Circuit on July 27, 2006. *See* Defendant's Motion at 5-7, App. at 3, 4; *see also Groden v. Allen*, No. 06-10366, slip op. at 1 (5th Cir. Jul. 27, 2006). The different dates appear to result from this Court's filed-stamp indicating when a copy of the Fifth Circuit's opinion was received and filed on the District Court's docket. *See* Doc. Nos. 451, 454 (3:03-CV-1685-R) (N.D. Tex. Aug. 29, Sept. 12, 2006).

Although Plaintiffs are proceeding *pro se* in this civil rights action, they paid the filing fee upon initiating the action. *See* Doc. No. 9, (3:06-CV-1361-M) (N.D. Tex. Oct. 25, 2006) (Order). Thus, the Fifth Circuit's sanction requiring Tobias to obtain "advance written permission of a judge of the forum court," does not apply to this case because Tobias is not proceeding *in forma pauperis*. *See Groden v. Allen*, No. 06-10366, slip op. at 2 (5th Cir. Jul. 27, 2006). The Court finds that Plaintiffs were not required to obtain advance written permission from a judge of this court before filing this fee-paid civil proceeding. Accordingly, Defendant Price's Motion to Deny Plaintiff Tobias Permission to Proceed as a Sanctioned Litigant is **DENIED**.

### III. MOTION FOR SANCTIONS

Defendant Price alternatively moves the Court to impose sanctions of dismissal or to order that the Plaintiffs be required to furnish security for this suit. *See* Defendant Price's Brief in Support of Motion at 4-5. Defendant Price contends that the Court has the power to award such sanctions under either Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or under its inherent powers. *See id.* The Court will address each of these arguments in turn.

#### A.    Section 11.051 et seq. of the Texas Civil Practice & Remedies Code

Defendant Price argues that the Court can apply §11.051-.057 of the Texas Civil Practice and Remedies Code to find that Tobias is a vexatious litigant and require "Tobias (and Allen, by virtue of her association with Tobias) to provide security if this matter is to proceed." *See* Defendant Price's Brief in Support of Motion at 4. In support of this proposition, Defendant Price relies on a prior decision of the District Court. *See id.,* (citing *Liptak v. Former State Judge Paul Banner*, No. 3:01-CV-0953-M, 2002 WL 378454 (N.D. Tex. Mar. 7, 2002). In *Liptak*, however, the Court did not apply the state statutes to determine whether plaintiff was a vexatious litigant, but instead, held it would treat the "Motion for Order Determining Plaintiff to be a Vexatious Litigant" as a motion for sanctions because

5

the substance of the state statute was subsumed in Rule 11 of the Federal Rules of Civil Procedure. *Liptak,* 2002 WL 378454, at *5; *see also Fox v. Pope*, No. 3:00-CV-2537-R, 2001 WL 167913, at *3 (N.D. Tex. Jan. 19, 2001) (deciding to treat a "Vexatious Litigant Motion" as a motion for sanctions pursuant to Rule 11 because Rule 11 permits the imposition of sanctions for the very behavior of which the defendants complained). In this case, Defendant Price has filed a motion for Rule 11 sanctions and merely asks the Court to apply the state statute to determine the issue of vexatiousness. Thus, the Court does not need to construe Defendant Price's as a motion for sanctions under Rule 11.

Although Defendant Price asks the Court to apply the state statute to find Tobias is a vexatious litigant, he recognizes that such application may be improper. *See* Defendant Price's Brief in Support of Motion at 4, n.3. Defendant Price's reservations are well-founded. Federal courts do not automatically apply state statutes to claims filed in federal court. *See Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003) ("Federal courts apply state substantive law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings.") (quoting *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995)). To determine whether a particular provision is "substantive" or "procedural," courts undertake a multi-step analysis to determine the applicability of the state law provision. *Garza v. Scott & White Mem. Hosp.*, 234 F.R.D. 617, 621 (W.D. Tex. 2005). The Court need not engage in such an analysis in this case because its jurisdiction is not based on diversity, but rather 28 U.S.C. § 1331. (*See* Compl. at 2). Accordingly, the Court will not apply TEX. CIV. PRAC. & REM. CODE §§ 11.051-.057 to determine if sanctions are appropriate in this case.

**B.     Rule 11**

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party who, *inter alia*, files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. FED. R. CIV. P. 11(b), (c). Sanctions under Rule 11

may be appropriate if the Court finds: a document has been presented for an improper purpose, FED. R. CIV. P. 11(b)(1), (2); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, FED. R. CIV. P. 11(b)(2), (3); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, FED. R. CIV. P. 11(b)(3).

Further, sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed are not entitled to sue and appeal, period. Abuses of the process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Defendant Price has not moved to dismiss on the grounds that Plaintiffs' claims are frivolous, brought for an improper purpose such as to harass, cause delay, or needlessly increase the cost of litigation. *See* FED. R. CIV. P. 11(b)(1). Instead, Defendant Price asks the Court to dismiss Plaintiffs' complaint simply on a finding that Tobias is a vexatious litigant without regard to the merits of their claims based on *Liptak*. *See* Defendant Price's Brief in Support of Motion at 8-10. That case is inapposite, however. *See* Defendant Price's Brief in Support of Motion at 4. The defendants in *Liptak* filed motions to dismiss the complaint for failure to state a claim along with the motion for sanctions. *Liptak*, 2002 WL 378454, at *1; *see also Fox*, 2001 WL 167913, at *1. Before finding that sanctions were appropriate, the Court found that the motions to dismiss should be granted for failure to state a claim. *Id.* at *3, *5. Accordingly, *Liptak* will not support Defendant Price's motion for sanctions under Rule 11 in this case.

To show Plaintiffs' complaint should be dismissed under Rule 11, Defendant Price provides an overview of "Tobias history with the Texas judicial system" and generally describes actions initiated by Tobias while imprisoned as well as actions where Tobias was the Defendant and represented himself. *See* Defendant Price's Brief in Support of Motion at 8. Most of Tobias' extensive litigation activity in this Court involves the case leading to the instant action. *See Groden v. Allen*, No. 3:03-CV-1685-R (N.D. Tex. 2004). Following an adverse judgment and several unfavorable rulings on post-judgment motions in a civil action against him, Tobias filed a series of notices of appeal to the United States Court of Appeals for the Fifth Circuit. To date, Tobias has filed nine (9) notices of appeal in the *Groden* matter. *See* Doc. Nos. 212, 221, 274, 298, 320, 329, 379, 384, 439 (3:03-CV-1685-R) (N.D. Tex. 2004-2006). The Fifth Circuit has dismissed five of these appeals for want of prosecution because Tobias failed to comply with the court's orders. *See Groden v. Allen*, No. 04-10872 (5th Cir. Apr. 5, 2005); No. 06-10021 (5th Cir. May 9, 2006), No. 06-10381 (5th Cir. Sept. 7, 2006). Based on its finding that Tobias' appeals were "frivolous and without arguable merit," the Fifth Circuit twice imposed sanctions of $500 and barred Tobias from filing any *pro se, in forma pauperis,* appeals or initial civil pleading in any court subject to the Fifth Circuit's jurisdiction without obtaining prior written permission from a judge of the forum court. *Groden v. Allen*, No. 06-10366 (5th Cir. Jul. 27, 2006); *Groden v. Allen*, No. 06-10021, 2007 WL 299372, at *1 (5th Cir. Jan. 29, 2007). Tobias also filed numerous frivolous post-judgment motions with this Court in the *Groden* litigation. The Court found fourteen of Tobias' motions to be "either frivolous, not permitted by law, or duplicative of prior motions" that the Court had already denied. *See Groden v. Allen*, Doc. No. 328, (3:03-CV-1685-R) (N.D. Tex. Oct. 24, 2005). Repeatedly asserting the same factual claims and arguments, in spite of the entry of multiple adverse decisions, is harassment and a gross abuse of the judicial process. The multiple litigations Tobias has initiated in other Texas courts, along with the frivolous appeals and

motions he filed in the *Groden* matter, certainly support the imposition of sanctions under the circumstances.

Tobias' litigiousness in the previous *Groden* litigation[5], alone, is not enough to impose sanctions under Rule 11 dismissing Plaintiffs' entire complaint in this case. In order to sustain and award of sanctions under Rule 11, the Court must also find that Plaintiffs' claims are frivolous or an attempt to relitigate decided issues, or were brought to harass. *See* FED. R. CIV. P. 11(b); *see also Anderson v. Butler*, 886 F.2d 111 (5th Cir. 1989) (holding imposition of Rule 11 sanctions was improper where the district court had not ruled on the merits of plaintiff's claims); *Sires v. Gabriel*, 748 F.2d 49, 52 (1st Cir. 1984) (emphasizing that "litigiousness alone will not support an injunction against a plaintiff . . ."). Because Defendant Price has not presented the Court with a dispositive motion to review the merits of Plaintiffs' claims on the basis that the claims are frivolous, or an attempt to relitigate issues already decided, or were brought to harass, it appears his motion for sanctions is premature. Accordingly, Defendant Price's motion for sanctions under Rule 11 is hereby **DENIED** without prejudice to reassertion after consideration of the merits.

**C. 28 U.S.C. § 1927**

Defendant Price also urges the Court to require Plaintiffs to post security before proceeding with their lawsuit under 28 U.S.C. § 1927. Section 1927 of the United State Code, title 28, provides

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and

---

[5] While Tobias filed numerous post-judgment motions in the *Groden* litigation that the Court considered frivolous, the Court did not, at that time, enter a sanctions order warning Tobias or Allen that continued filing of frivolous pleadings could result in more severe sanctions, including barring further filings. *See* Doc. No. 328, (3:03-CV-1685-R) (N.D. Tex. Oct. 24, 2005) (Order at 2); *see also Saunders v. Bush*, 15 F.3d 64, 68 (5th Cir. 1994) (holding district court did not abuse its discretion in imposing monetary sanctions against *pro se* litigant after giving prior warning); *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 36 (5th Cir. 1994) (warning *pro se* litigant that he would be subject to monetary and other sanctions if he continued to file frivolous complaints).

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. Before a court can award sanctions under section 1927, it must make detailed findings that the proceedings were both unreasonable and vexatious. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994) The Fifth Circuit has held this standard requires "that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly," and further cautions that except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated nor pursued, it will be inappropriate under § 1927 to shift the entire financial burden of an action's defense. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting *F.D.I.C. v. Calhoun* 34 F.3d 1291, 1297 (5th Cir. 1994)).

Section 1927 begins by stating "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof . . ." 28 U.S.C. § 1927. Based on the statute's language, the Fifth Circuit has repeatedly held that a "court can shift fees only to counsel, not to parties," but has not addressed the question presented here, whether a court can impose sanctions under § 1927 on *pro se* litigants. *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) (citing *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 208 (5th Cir. 1998) ("Because the award at issue in this case was imposed against the City—and not any of the attorneys involved—it plainly cannot be sustained under section 1927"); *Matta v. May*, 118 F.3d 410, 413-14 (5th Cir. 1997) ("Unlike Rule 11, § 1927 sanctions are, by the section's plain terms, imposed only on offending

10

attorneys; clients may not be ordered to pay such awards."); *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.,* 38 F.3d 1414, 1416 (5th Cir. 1994) (same)).  There is a conflict between the two circuit courts that have addressed the issue of whether § 1927 can be applied to a *pro se* litigant. *Compare Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (holding § 1927 applies to *pro se* litigants), *with Sassower v. Field,* 973 F.2d 75, 80 (2d Cir. 1992) (holding § 1927 does not apply to *pro se* litigants).[6]

Given the Fifth Circuit's holdings regarding the applicability of § 1927 to attorneys—not parties, this Court is persuaded by the Second Circuit's holding in *Sassower* that § 1927 should not apply to *pro se* litigants.  As the *Sassower* Court noted, the word "admitted" in the context of other language in § 1927 suggests application to persons who, like attorneys, "gain approval to appear in a lawyer-like capacity."  *Sassower*, 973 F.2d at 80.  Further, as the Second Circuit noted, it appears unlikely that Congress intended the phrase "other person" to include a person lacking lawyer-like credentials because the prior version of the statute read "any attorney, proctor, or other person admitted."  *Id.* (citing *Motion Picture Patents Co. v. Steiner*, 201 F. 63, 64 (2d Cir. 1912)).  This legislative history supports the conclusion that Congress did not intend for § 1927 to apply to persons who appear without lawyer-like credentials.  Finally, as a matter of policy, it is unecessary to apply § 1927 to *pro se* litigants when there are other avenues by which to sanction such non-attorneys who appear before the Court and engage in vexatious conduct.  Accordingly, Defendant Price's request that the Court impose sanctions under § 1927 and require Plaintiffs to furnish security for this suit is hereby **DENIED**.

---

[6]Two other circuit courts avoided the question.  *See Ayala v. Holmes*, 29 Fed. Appx. 548, 550-51 (10th Cir. 2002) ("Because there is a 'conflict among the circuits on the question whether § 1927 applies to *pro se* litigants, . . . we look elsewhere for authority rather than choose sides unnecessarily.'"); *Alexander v. United States,* 121 F.3d 312, 316 (7th Cir. 1997) (same).

### D.     Inherent Power

Defendant Price also asserts that the Court should award sanctions under its inherent power. *See* Defendant Price's Brief in Support of Motion at 5.  Federal courts have the inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (citations omitted).  Toward that end, federal courts are empowered to sanction bad faith conduct occurring during the litigation. *Elliott v. Tilton,* 64 F.3d 215, 216 (5th Cir.1995).  Along with the inherent authority to mete out sanctions comes the requirement that these implied powers be exercised with restraint and discretion. *Chambers,* 501 U.S. at 44 (citing *Roadway Express v. Piper,* 447 U.S. 752, 764 (1980)).  Inherent powers "may be exercised only if essential to preserve the authority of the court and the sanction must employ" the least possible power adequate to the purpose to be achieved. *Natural Gas Pipeline of Am. v. Energy Gathering Inc.,* 86 F.3d 464, 467 (5th Cir.1996) (citations omitted).  In other words, the sanction must "be tailored to fit the particular wrong." *Topalian v. Ehrman,* 3 F.3d 931, 936 n. 5 (5th Cir.1993) (extending the analytical principles for determining sanctions under Rule 11 "across-the-board" to all of the district court's sanction powers).

Defendant Price contends that the Court should resort to its inherent power to stop Tobias' litigiousness by ordering Plaintiffs to post security or ordering dismissal of their claims. *See* Defendant Price's Brief in Support of Motion at 5, 9.  The Court's inherent power to award sanctions, like its power under Rule 11, is limited to stopping bad faith conduct that occurs during litigation.  Here, Plaintiffs' litigation is in the initial stages of litigation.  The Court has not been presented with a motion to dismiss based on the grounds that Plaintiffs' suit was motivated by an improper purpose such as to harass, or brought in bad faith, or a motion for a determination on the merits. *See Crenshaw v. General Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991) (holding a federal court may award

attorney's fees to a successful litigant when the opponent commenced or conducted the action in bad faith, vexatiously, or for the purpose of harassment, but the court must make specific findings as to the frivolousness of the suit before making such an award). For this reason, Defendant Price's motion for sanctions under the Court's inherent powers is also premature. Accordingly, Defendant Price's request that the Court use its inherent power to order Plaintiffs to post security or dismiss Plaintiffs' complaint is hereby **DENIED** at this time.[7]

### IV. RULE 12(b) MOTION TO DISMISS

Defendants Travis and Schwiger move to dismiss under FED. R. CIV. P. 12(b)(2), (b)(4), and (b)(5) on the grounds that Plaintiffs failed to complete proper service within 120 days. *See* Defendants' Motion to Dismiss at 1. Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of actions where there is a lack of personal jurisdiction. *See* FED. R. CIV. P 12(b)(2). Rule 12(b)(4) allows a defendant to attack the form of the process, rather than the method by which it is served. *See* FED. R. CIV. P. 12(b)(4); *see also Tinsley v. Commissioner of I.R.S.*, No. 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998). Rule 12(b)(5), on the other hand, "permits a challenge to the method of service attempted by the plaintiff," or the lack of delivery of the summons and complaint. *See* FED. R. CIV. P. 12(b)(5); *Tinsely*, 1998 WL 59481 at *3. A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Pavlov v. Parsons*, 574 F.Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4).

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that

---

[7] Plaintiffs are hereby placed on notice, however, that the Court will not condone or tolerate vexatious, repetitive, and multitudinous pleadings such as those filed by Tobias in the *Groden* matter. *See Groden v. Allen*, Doc. No. 328, (3:03-CV-1685-R) (N.D. Tex. Oct. 24, 2005).

13

defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Various provisions under Rule 4 describe the method of service for particular defendants. Rule 4(i)(2)(A) prescribes that when Plaintiff sues an employee of the United States in an official capacity only, proper service is effected by serving the United States in the manner prescribed by Rule 4(i)(1) <u>and</u> by also serving the employee with a copy of the summons and complaint via registered or certified mail. FED. R. CIV. P. 4(i)(2)(A) (emphasis added).

Rule 4(i)(1) prescribes that proper service on the United States is effected by personally serving a copy of the summons and complaint on the United States Attorney in the district where the action is brought or an Assistant U.S. Attorney or clerical employee that is expressly designated by the U.S. Attorney in a writing filed with the clerk of the district court, or by serving the summons and complaint via certified or registered mail addressed to the civil process clerk at the office of the U.S. Attorney. FED. R. CIV. P. 4(i)(1)(A). Additionally, Rule 4(i)(1)(B) requires that a copy of the summons and complaint also be addressed to the Attorney General of the United States at the Washington, D.C., address via registered or certified mail.

    **A.**    **Defendant Travis**

In this case, Plaintiffs sue Defendant Travis only in his official capacity. (*See* Compl. at 1). The record shows service was effected by personal delivery of the summons and complaint to a person named "Tamika Ford" on August 15, 2006. *See* Doc. No. 27, (3:06-CV-1361-M) (N.D. Tex. Jan. 19, 2007) (Summons Returned Executed as to David Travis). Defendants explain Tamika Ford is believed to occasionally work in the Marshal's Office as a receptionist. *See* Defendants' Reply in Support of Motion to Dismiss at 3. Because Defendant Travis is sued only in his official capacity, Rule 4 prescribes that proper service is effected by mailing him a copy of the summons and complaint via registered or certified mail. FED. R. CIV. P. 4(i)(2)(A). Plaintiffs' attempt to serve Travis by personal

14

delivery at his place of employment was therefore ineffective.

Further, Plaintiffs have attached a copy of a return of service[8] to their response to show that they personally sent copies of the complaint[9] to the Attorney General of the United States and the Civil Process Clerk via certified mail on November 3, 2006.  (*See* Exhibit attached to Plaintiffs' Response to Defendants' Motion to Dismiss).  Rule 4(c)(2) provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age."  FED. R. CIV. P. 4(c)(2) (emphasis added).  By its plain language, the federal rules of civil procedure do not allow a party to serve process. *See* FED. R. CIV. P. 4(c)(2).  Accordingly, Plaintiffs' attempt to effect service on the Attorney General of the United States and the Civil Process Clerk in the U.S. Attorney's Office for the Northern District did not comply with Rule 4.  Because Plaintiffs have not complied with the requirements of Rule 4(i)(2)(A), the Court lacks personal jurisdiction over Defendant Travis.

**B.    Defendant Schwiger**

Plaintiffs sue Defendant Schwiger in both an individual and official capacity.  (*See* Compl. at 2).  Rule 4(i)(2)(B) prescribes that service on an employee of the United States that is sued in an individual capacity—whether or not also sued in an official capacity—is effected by serving the United States as set forth in Rule 4(i)(1) and serving the employee in the manner set forth in Rule 4(e), (f), or (g).  FED. R. CIV. P. 4(i)(2)(B).  Because Defendant Schwiger is not an individual in a foreign country, an infant, or incompetent person, subsections (f) and (g) do not apply.  To effect proper service on Defendant Schwiger, Plaintiffs were required to serve a copy of the summons and complaint upon the United States under Rule 4(i)(1) as discussed above and upon Defendant Schwiger as outlined in Rule

---

[8] The Court notes this return of service has not been properly filed.  *See* FED. R. CIV. P. 4(l).

[9] The Court notes that Plaintiffs indicate they did not serve a copy of the summons.

4(e).  FED. R. CIV. P. 4(i)(2)(B).

The permissible methods of service under Rule 4(e) are limited to: (1) service according to the law of the state in which the district court is located; (2) personal delivery of the summons and complaint upon the individual; (3) "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein"; or (4) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.  *See* FED. R. CIV. P. 4(e)(1), (2).

Plaintiffs served Defendant Schwiger in the same manner as Defendant Travis, by hiring a process server who delivered a copy of the summons and complaint to his place of employment.  *See* Doc. No. 29, (3:06-CV-1361-M) (N.D. Tex. Jan. 22, 2007) (Summons Returned Executed as to Anthony W. Schwiger).  The return of service shows that Tamika Ford accepted the documents.  *Id.* Service at a defendant's place of employment is insufficient under Rule 4.  *See Cross v. City of Grand Prairie*, No. 3:96-CV-0446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998) (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988); *Smith v. Western Offshore, Inc.*, 590 F.Supp. 670, 674 (E.D. La. 1984)).  The method of service used by Plaintiffs to serve Defendant Schwiger does not comport with the requirements under Rule 4(e)(2), which applies to Plaintiffs' suit against Defendant Schwiger in his individual capacity.

While Rule 4(e)(1) allows service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted by Texas law are personal service or by registered mail. *See* TEX. R. CIV. P. 106(a).  Although Rule 106(b) of the Texas Rules of Civil Procedure provides that a plaintiff may attempt substitute service at the defendant's usual place of business, such service can be made only pursuant to a motion support by affidavit specifically stating the location at which the defendant can be found.  TEX. R. CIV. P. 106(b).  Plaintiffs filed no motion for substituted service of

16

process in this action. Accordingly, Plaintiffs have not properly effected service against Defendant Schwiger.

Plaintiffs assert that they were informed—by an unnamed person—that service upon Defendants Travis and Schwiger was proper by leaving a copy of the summons and complaint at their place of employment. *See* Response to Defendants' Motion to Dismiss at 1. Plaintiffs further argue that dismissal is unwarranted because "Defendants have full knowledge of this cause of action" and "a certified letter of service will not provide them with any more defenses or serve any additional notice." *See id.* at 1-2. Plaintiffs also contend that service can be waived. *Id.* at 1.

The federal rules impose a duty on a defendant to avoid unnecessary costs of serving the summons. *See* FED. R. CIV. P. 4(d). "To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons." *Id.* Regardless of which method of service is employed, a defendant must either be served or waive service within 120 days after the complaint is filed. *See* FED. R. CIV. P. 4(m). More than 120 days have elapsed since Plaintiffs filed their original complaint. *See* Doc. No. 1, (3:06-CV-1361-M) (N.D. Tex. Jul. 28, 2006) (Original Compl.). Defendants argue that Plaintiffs' complaint should be dismissed because they failed to meet the requirement of Rule 4 even after being provided with a letter instructing how to effect proper service. *See* Brief in Support of Defendants' Motion to Dismiss at 2, & Exhibit A. Plaintiffs counter that "Tobias has been ill and working on the Groden v. Allen and Tobias appeal and simply did not fully understand the requirements that Defendants pointed out." *See* Response to Defendants' Motion to Dismiss at 1.

When a plaintiff fails to obtain service within this 120-day period, the court may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." *Id.* Dismissal of the action is not appropriate if "there is a reasonable prospect that plaintiff ultimately will

17

be able to serve defendant properly." *Grant-Brooks v. Nationscredit Home Equity Services Corp.*, No. CIV. A. 3:01-CV-2327-R, 2002 WL 424566 at *4 (N.D. Tex. Mar. 15, 2002) (quoting 5A Wright & Miller Federal Practice and Procedure § 1354, at 289 (West 1990)). Dismissal may be appropriate only if "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *Id.* (quoting *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959). As an alternative to dismissal, a district court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service. *See Shabazz v. Service Employees Int's Union*, No. CIV. A 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citing *Cross v. City of Grand Prairie*, No. CIV. A. 3:96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d. Cir. 1985); *Grant-Brooks*, 2002 WL 424566, at *4). Relevant factors for a court to consider in exercising its discretion to quash service or dismiss the complaint include a plaintiff's *pro se* status and good faith attempt to effect service. *See Monroe v. Texas Util. Co.*, No. CIV.A. 3:01-CV-1012-D, 2002 WL 413866, at *2-3 (N.D. Tex. Mar. 11, 2002)(Fitzwater, J.).

Plaintiffs did not comply with the rules governing service on these Defendants. Accordingly, service of process is insufficient. It nevertheless appears that by hiring a civil process server to personally serve Defendants and sending certified copies to the United States Attorney General and the U.S. Attorney's Office for the Northern District of Texas, Plaintiffs made a good faith effort to obtain proper service on Defendants Travis and Schwiger. The Court should therefore quash service on Defendants Travis and Schwiger and allow Plaintiffs an additional 30 days to complete service upon these Defendants. Accordingly, the Court recommends that Defendants Travis and Schwiger's Motion to Dismiss under Rule 12(b)(2), (4), and (5) be **DENIED**.

## VI.  CONCLUSION

For these reasons, the Court finds that *Defendant Kenneth Price's Motion to Deny Plaintiff Tobias Permission to Proceed as a Sanctioned Litigant, or in the Alternative, for Rule 11 Sanctions Including Dismissal or the Payment of Security* (Doc. #21), should be, and it is hereby **DENIED** without prejudice.

Further, the Court recommends that the *Motion to Dismiss by Defendants David Travis and Anthony Schwiger for Failure to Complete Service within 120 Days of Filing* (Doc. #24) be **DENIED**.

It is further **RECOMMENDED** that Plaintiffs be required to make additional efforts to complete proper service on Defendants Travis and Schwiger.  If proper service is not made within 30 days from the date of the District Court's order accepting the recommendation, the Court recommends that Plaintiffs' claims against Defendants Travis and Schwiger be dismissed from this action.

**SO ORDERED** this 17th day of May, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE