**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JACKIE DIANE ALLEN, and § | | |
| RICHARD B. TOBIAS, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. 3:06-CV-1361-M (BH) | |
| § | | |
| DAVID TRAVIS, ANTHONY W. § | | |
| SCHWIGER, and KEN PRICE, § | | |
| § | | |
| Defendants. § | Referred Motion | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b) and the District Court's *Order*, filed December 19, 2007, this matter was referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for the issuance of proposed findings and recommendation to the District Court. Before the Court are the following:

(1) *Defendant Travis' Motion to Dismiss and Supporting Brief* ("Mot."), filed September 27, 2007;

(2) *Plaintiff Tobias' Opposition to Defendant Travis' Motion to Dismiss and Supporting Brief* ("Tobias Resp."), filed October 9, 2007; and

(3) *Plaintiff Allen's Opposition to Defendant Travis' Motion to Dismiss and Supporting Brief* ("Allen Resp."), filed October 10, 2007.

Defendants did not file a reply. Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that Defendant's *Motion to Dismiss* should be **GRANTED.**

## I. BACKGROUND

The claims in this action by Plaintiffs Jackie D. Allen and Richard B. Tobias (individually "Allen," "Tobias," collectively "Plaintiffs") arise from a previous lawsuit against them in this Court.

*See Groden v. Allen*, No. 3:03-CV-1685-R (N.D. Tex. 2003). Robert J. Groden ("Groden") sued Allen and Tobias for infringing his copyrights to certain books and other materials about the assassination of President John F. Kennedy. *See Groden* docket no. 18 (filed Aug. 22, 2003). A jury awarded Groden a judgment against Plaintiffs jointly and severally in the amount of $729,375, plus pre-and post-judgment interest and attorney's fees. *See Groden* docket no. 196 (issued June 22, 2004).[1]

On July 29, 2004, Defendant Deputy U.S. Marshal Anthony Schwiger ("Schwiger") executed a writ of attachment to enforce elements of the judgment. (Mot. at 2, ¶7; *Original Complaint*, *Allen v. Travis*, No. 3:06-CV-1361-M, at 2, ¶9 (N.D. Tex. filed July 28, 2006) (hereinafter, "Compl."); *see Groden* docket no. 211). During the execution of the writ, which Plaintiffs refer to as "armed robbery," Plaintiffs allege that Schwiger took items that were not listed on the writ of attachment. (Compl. at 2, ¶9). Plaintiffs further allege that Schwiger refused a request by Tobias to create an inventory of the seized items, and that Schwiger did not provide Plaintiffs a copy of the writ until after the seizure was complete. (*Id*. at 2-3, ¶¶9, 10, 11, 12). After the seizure, Plaintiffs allege that Schwiger failed to bring the items to the Court and failed to file an inventory of seized items within 90 days. (*Id*. at 2, ¶9).

After the seizure took place, Tobias alleges that someone in the office of the U.S. Marshal told him that no inventory would be filed because Groden had not yet paid the Marshals for the execution of the writ of attachment. *Id*. Tobias further alleges that he wrote a letter to Defendant Deputy U.S. Marshal David Travis ("Travis") requesting an inventory of seized items as well as criminal prosecution of Groden for failure to pay the Marshals for the execution of the writ. (Compl.

---

[1] On March 12, 2008, the District Court amended the total final judgment against Allen to $155,240 and against Tobias to $755,240. *See Groden,* docket no. 492.

at 3, ¶13). Tobias contends that Travis did not respond. *Id*.

On July 28, 2006, Allen and Tobias filed this action against Travis in his official capacity.[2] Plaintiffs contend that Travis's involvement in the execution of the writ of attachment, seizure of items not listed on the writ, and failure to file an inventory of seized items violated their civil rights. They assert claims against Travis arising under the 1st, 5th, and 14th Amendments to the United States Constitution; the Federal Tort Claims Act; and 42 U.S.C. §§ 1983 and 1985. (*See* Compl. at 6, ¶18, 20, 22). They also assert a state law claim for conversion. (*Id*. at 6, ¶19).

On September 27, 2007, Travis moved for dismissal of all of Plaintiffs claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. ANALYSIS

Travis asserts that this Court lacks jurisdiction over Plaintiffs' claims since a suit against him in his official capacity is one against the United States, which is entitled to sovereign immunity.

### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*,

---

[2] Plaintiffs' complaint also names Schwiger and Court Security Officer Ken Price as defendants.

281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *See id.* (citation omitted). A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger,* 644 F. 2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction. However, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id*. Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (quoting

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

Travis does not support his motion with evidence. Because this is a facial attack, the Court merely must decide if the Plaintiffs have correctly alleged a basis for subject matter jurisdiction by examining the allegations in their complaint, which are presumed to be true. *Rodriguez*, 992 F. Supp. at 878; *Patterson,* 644 F. 2d at 523.

**B.    Suit Against the United States**

Travis contends that a suit against him in his official capacity is a suit against the United States. (Mot. at 3-4). "In deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling; the dispositive inquiry is 'who will pay the judgment?'" *Stafford v. Briggs*, 444 U.S. 527, 542 n.10 (1980). In general, "a suit is against the sovereign if the judgment sought would expend itself from the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal citations and quotations omitted); *Zapata v. Smith*, 437 F.2d 1024, 1025 (5th Cir. 1971).

Here, Plaintiffs seek monetary damages and injunctive relief in the form of the return of their confiscated property. (*See* Compl. at 5-6). Since the relief they seek from Travis would require expenditures from the public treasury and would compel the government to act, in reality their suit is against the United States, not against Travis. *Dugan*, 372 U.S. at 620.

**C.    Sovereign Immunity**

Under the settled principles of sovereign immunity, the United States, as a sovereign, is immune from suit absent an explicit waiver. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

*U.S. v. Dalm*, 494 U.S. 596, 608 (1990); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 n. 2 (5th Cir. 1988). "Courts must strictly construe all waivers of the federal government's sovereign immunity, [resolving] all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir.1998). In other words, unless the United States consented to be sued, this Court lacks jurisdiction to hear Plaintiffs' claims.

### 1. *Constitutional Claims*

Defendant first moves for dismissal of Plaintiffs' claims that the U.S. Marshal Service violated their rights under the 1st, 5th, and 14th Amendments of the Constitution by executing the writ of attachment. (Mot. at 4; Compl. at 5, ¶18).

Plaintiffs' allegations appear to invoke a cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. A *Bivens* action, however, only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Since Plaintiffs sued Travis in his official, and not his individual capacity, they may not bring a cause of action against the United States under the United States Constitution. Plaintiffs claims for a violation of their constitutional rights against the United States should therefore be dismissed for lack of jurisdiction.

### 2. *Federal Tort Claims Act*

Defendant next contends that Plaintiffs' tort claims must be dismissed for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). (Mot. at 5). The FTCA

provides both a limited waiver of sovereign immunity and federal court jurisdiction for tort claims brought by individuals against the United States. *See* 28 U.S.C. §§ 1346(b), 2674.

The Court notes initially that all of Plaintiffs' tort claims related to execution of the writ of attachment fall outside the scope of the FTCA. The FTCA does not apply to the "detention of any goods, merchandise, or other property by... any law enforcement officer." 28 U.S.C. § 2680(c). "Any law enforcement officer" has expansive meaning, and the Supreme Court recently held that a United States Marshal is a "law enforcement officer" within the meaning of § 2680(c). *Ali v. Fed. Bureau of Prisons*, 128 S.Ct. 831, 841 (2008). Likewise, to the extent that Plaintiffs assert a constitutional tort for the execution of the writ of attachment, (*see* Compl. at 5, ¶18), constitutional torts are excepted from the FTCA. 28 U.S.C. §2679(b)(2)(A). Since the United States did not consent to be sued for either the detention of goods by a law enforcement officer or constitutional torts, this Court lacks jurisdiction to hear Plaintiffs' claims arising under the FTCA.[3] *Mitchell*, 463 U.S. at 212.

In addition to Plaintiffs' tort claims being excepted from the FTCA, this Court also lacks jurisdiction over their FTCA claims for failure to exhaust administrative remedies. Prior to commencing an action under the FTCA, a claimant must first present his claim to the appropriate federal agency, and that claim must be finally denied by the agency in writing. 28 U.S.C. § 2675(a). Only after receipt of a written final denial of the claim sent by certified or registered mail does a court have jurisdiction over an FTCA claim. *United States v. Burzynski Cancer Research Institute*, 819 F.2d 1301, 1306 (5th Cir. 1987) (filing of an administrative claim for relief is a jurisdictional prerequisite to suit under the FTCA); *see* 28 U.S.C. § 2675(a). "Exhaustion of administrative remedies is a

---

[3]The Court may *sua sponte* raise the jurisdictional issue at any time. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989).

Plaintiffs allege in their complaint that they wrote a letter to Travis and that Travis did not respond. (Compl. at 3, ¶13). Even assuming that this allegation is true, as the Court must, it fails to establish jurisdiction under the FTCA because Plaintiffs must file a claim with the Department of Justice, not merely write a letter to the alleged violator. *See* 28 U.S.C. § 2675(a). Plaintiffs' failure to exhaust their administrative remedies provides additional grounds for dismissal of their FTCA claims for lack of jurisdiction.

### 3. *Other Claims*

Defendant asserted the defense of sovereign immunity and moved for dismissal of all of Plaintiffs' claims, but he did not explicitly address those arising under 42 U.S.C. §§ 1983, 1985 or state law. (*See* Mot. at 3-5).

With regards to Plaintiffs' claims arising under 42 U.S.C. §§ 1983 and 1985 (*see* Compl. at 5, ¶22), this statute applies to *state* actors, not to federal officials. The Fifth Circuit has long recognized that sovereign immunity prevents suits against the United States brought under the civil rights statutes. *Affiliated Prof'l Home Health Care*, 164 F.3d at 286 (citing *Unimex, Inc. v. United States Dept. of Housing and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979)). This Court therefore lacks jurisdiction to hear Plaintiffs' claims arising under §§ 1983 and 1985 against Travis in his official capacity. *Mitchell*, 463 U.S. at 212.

Plaintiffs also asserted claims for conversion and armed robbery arising under state law. (Compl. at 5, ¶¶19, 20). This Court lacks jurisdiction over Plaintiffs' conversion claim against Travis

in his official capacity for the same reasons as those stated in Part II.C.2, *supra*. (finding that detention of goods by a law enforcement officer is outside the scope of the FTCA and that Plaintiffs failed to exhaust administrative remedies); *see* 28 U.S.C. § 1346(b)(1) (FTCA applies to torts arising under state law). As for Plaintiffs' claim of aggravated robbery under § 29.03 of the Texas Penal Code, the Texas Penal Code does not create a private cause of action, and victims do not have standing to participate as a party in a criminal proceeding. *See* Tex. Const. art. I, § 30(e); Tex. Crim. Proc. Code Ann. § 56.02(d) (Vernon Supp. 2005); *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 635 (N.D. Tex. 2007) (Ramirez, Mag. J.) (a private citizen cannot enforce criminal statutes in a civil action). Since Plaintiffs do not have standing to enforce a criminal statute, this Court does not have jurisdiction over their claim for armed robbery and it should be dismissed pursuant to Rule 12(b)(1). *Home Builders*, 143 F.3d at 1010.

### III. CONCLUSION

For the reasons stated above, the Court recommends that Defendants' *Motion to Dismiss* be **GRANTED**. All of Plaintiffs' claims against Defendant Travis should be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

**SO RECOMMENDED** on this 24th day of March, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE