IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKIE DIANE ALLEN and RICHARD TOBIAS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:06-CV-1361-M (BH) |
| DAVID TRAVIS and KENNETH PRICE, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the District Court's *Order of Referral*, filed August 28, 2008, before the Court for hearing, if necessary, and recommendation is *Defendant Kenneth Price's Motion for Judgment on the Pleadings* ("Mot."), filed April 3, 2008. Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court recommends that Defendant's motion be **GRANTED** in part.

## I. BACKGROUND

The claims in this action by Plaintiffs Jackie D. Allen and Richard B. Tobias (individually "Allen" and "Tobias;" collectively "Plaintiffs") arise from a previous lawsuit against them in this Court. *See Groden v. Allen*, No. 3:03-CV-1685-R (N.D. Tex. 2003). Robert J. Groden ("Groden") sued Allen and Tobias for infringing his copyrights to certain books and other materials about the assassination of President John F. Kennedy. (*See Groden* docket #18). A jury awarded Groden a judgment against Plaintiffs jointly and severally in the amount of $755,240, plus pre-and post-judgment interest and attorneys' fees. (*See id.*, docket #196, 492). On July 29, 2004, Deputy U.S. Marshal Anthony Schwiger executed a writ of attachment to enforce elements of the judgment,

which included seizure of the infringing materials. Notwithstanding specific Court orders, Plaintiffs have attempted to avoid complying with the judgment in the *Groden* matter. (*See id.*, docket # 206, 264, 266, 268, 270, 271). As a result of their actions, both Allen and Tobias were found in civil contempt of court and sentenced to six months confinement. (*Id.* at docket #283, 284).

After their release from custody, Plaintiffs continued to avoid complying with the *Groden* judgment. The Court held a second contempt of court hearing for Allen on March 28, 2006. (*Id.* at docket #381). Tobias attempted to attend this hearing to present evidence on Allen's behalf. *See Original Complaint*, *Allen v. Travis*, No. 3:06-CV-1361-M, at 4, ¶14 (N.D. Tex. filed July 28, 2006) (hereinafter, "Compl."). Plaintiffs allege that Defendant Ken Price ("Price"), a court security officer ("CSO") employed by the private firm of Akal Security, violated their right to due process by unlawfully excluding Tobias from the hearing without an order from the presiding judge. (*Id.* at 5, ¶21; *see id.* at 4, ¶¶14, 15; *see* Mot. at 6). Plaintiffs also allege that Price conspired with the other defendants in this action to deprive them of their property in connection with the July 29, 2004 seizure of the infringing materials. (*Id.* at ¶22).

Price filed the instant motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on April 3, 2008. Tobias filed his response on April 18, 2008 ("Resp."). Allen did not file a response.

## II. STANDARD OF REVIEW

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Motions to dismiss under Rule 12(c) are disfavored and rarely granted. *See Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(c) standard, a court cannot look beyond the face of the pleadings. *See*

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citation omitted).[1] Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### III. ANALYSIS

Price raises two arguments in support of his Rule 12(c) motion. He first contends that as a matter of law he is not subject to *Bivens* liability. In the alternative, he contends that Plaintiffs failed to allege the violation of a constitutional right. (Mot. at 4, 9).

---

[1] Although the context of the discussion in *Bell Atlantic* was the Sherman Act, nothing in the reasoning of the decision appears to limit its scope to Sherman Act claims. *Halaris v. Viacom, Inc.*, 2007 WL 4145405, at *4 (N.D. Tex. Sept. 21, 2007) (Godbey, J.).

A.      **Applicability of *Bivens***

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court pursuant to 28 U.S.C. § 1331, the statute that provides for federal question jurisdiction. "*Bivens*, of course, is the counterpart to 42 U.S.C. § 1983," and it extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam). Consequently, to state a viable claim under *Bivens*, a plaintiff must show that a defendant has deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Cf. Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (stating that 42 U.S.C. § 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States").

The crux of Price's argument is that as an employee of a private entity that contracts with the federal government to provide court security, he is not a federal officer and thus not subject to *Bivens* liability. (Mot. at 6-8). Price, however, has been deputized by the United States Marshals Service to provide court security for the Federal Judiciary and perform the functions of a Deputy U.S. Marshal. 28 C.F.R. § 0.112(c); *Buell ex. rel. Buell v. Bruiser Ken*, 1999 WL 390642, at *4 (E.D.N.Y. Mar. 31, 1999) (CSOs are not federal agents themselves, but they are deputized to perform the functions of a Deputy U.S. Marshal); *see also* 28 U.S.C. § 566(e)(1)(A) (authorizing U.S. Marshals to provide court security). As a deputized U.S. Marshal, Price acted under color of

federal law on March 28, 2006, when he removed Tobias from the courtroom during Allen's hearing.

Price relies upon several cases in support of his argument that he is not subject to *Bivens* liability. (Mot. at 6-7.) These cases are distinguishable, however, because they all address private employees of government contractors at federal prisons. *See Holly v. Scott*, 434 F.3d 287, 288 (4th Cir. 2006) (physician employed by private corporation under contract with Bureau of Prisons to provide medical care); *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1093 (10th Cir. 2005) (employees of privately run prison under contract with U.S. Marshals to provide detention services); *Longmire v. Carroll*, 2006 WL 3542707, at *2 (N.D. Tex. Dec. 8, 2006) (physician and nurse employed by community hospital under contract with BOP to provide medical care); *Pollard v. Wackenhut Correctional* Corp., 2006 WL 2661111, at *1 (E.D. Cal. Sept. 14, 2006) (employees of privately operated correctional facility); *McGill v. Snyder*, 2006 WL 4692565, at *1 (E.D.N.C. Aug. 7, 2006) (same). None of these cases involve an individual deputized to perform the functions of a federal actor as is the situation in the instant case.[2]

Since Price was acting as a federal agent at the time of the conduct at issue, he is subject to *Bivens* liability as well as the immunities and protections enjoyed by federal officers acting under color of federal law. His motion to dismiss on this basis should be denied.

---

[2]Notably, in an analogous context, courts have found that state officers who were deputized by federal agencies and who were acting in that capacity are subject to claims under *Bivens*. *See e.g., Guerrero v. Scarazzini*, 274 Fed. Appx. 11, 12 at n.1 (2nd Cir. Feb. 23, 2008) (claims against federally deputized task force officers were properly brought as a *Bivens* action); *Majors v. City of Clarksville*, 113 Fed. Appx. 659, 659-60 (6th Cir. Sept. 22, 2004) (§ 1983 claims against police officers acting as deputized DEA task force agents were in reality *Bivens* claims); *DeMayo v. Nugent,* 475 F.Supp.2d 110, 115 (D.Mass.2007) ("State police officers deputized as federal agents under the DEA constitute federal agents acting under federal law."), *rev'd on other grounds*, 517 F.3d 11 (1st Cir. 2008); *Tyson v. Willauer*, 289 F.Supp.2d 190, 192 n.3 (D. Conn. 2003)(noting that deputized state officer was treated as federal employee, and § 1983 claim should have been asserted as a *Bivens* claim); *Bordeaux v. Lynch*, 958 F.Supp. 77, 84 (N.D.N.Y. 1997) (dismissing § 1983 claims against DEA task force officers and considering them as properly pleaded under *Bivens*).

**B.     Constitutional Violation**

Having determined that Price is subject to *Bivens* liability, the Court next considers whether the alleged constitutional violations are actionable. To sustain a *Bivens* action, Plaintiffs must demonstrate that their constitutional rights have been violated. *Fuller v. Rich*, 925 F.Supp. 459, 462 (N.D. Tex. 1995) (citing *Garcia v. United States*, 666 F.2d 960, 962 (5th Cir. 1982)). In this case, Plaintiffs allege that Tobias's removal by Price violated the following four specific constitutional rights: (1) Tobias's "right to attend any and all hearings in any case under the First Amendment and open courts;" (2) Tobias's "rights of any attorney during any hearing;" (3) Allen's right to call and question Tobias; and (4) Plaintiffs' right to be secure in their property against unreasonable search and seizure. (Compl. at 4-5, ¶¶14, 21, 22).

   **1.     *Access to Courts***

With respect to the first alleged violation, the public's right to access courts is protected by Article IV and the First and Fourteenth Amendments of the United States Constitution. *Ryland v. Shapiro*, 708 F.2d 967, 971-73 (5th Cir. 1983); *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (plurality holding that the right of the public to attend criminal trials is implicit in the guarantees of the First Amendment); *id*. at n.17 (plurality noting in dicta that both civil and criminal trials have been presumptively open). This right, however, is not absolute, and a judge may impose reasonable limitations on access in the interest of the fair administration of justice. *See id*. at 581, n.18. The parties dispute whether the district judge ordered Price to remove Tobias from Allen's hearing because he was being disruptive. (Mot. at 2; Resp. at 2, ¶¶5, 6). Viewing Plaintiffs' complaint in the light most favorable to Plaintiffs and without regard to the likelihood of recovery, as the Court must, Plaintiffs' allegations that Price removed Tobias from the courtroom suffice to

state a claim to relief that is plausible on its face. *See Twombly*, 127 S. Ct. at 1974. Accordingly, the Court finds that Tobias has alleged a plausible violation of a constitutional right, and Price's motion for judgment on this claim should be denied.

### 2. *Tobias's Rights as an Attorney*

With respect to the alleged violation of Tobias's rights as an attorney, Allen proceeded *pro se* at her civil contempt hearing. (Compl. at 4, ¶14). "In a federal court, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Mendheim v. AF & L Ins. Co.*, 2007 WL 2263929, at *2 (N.D. Tex. Aug. 8, 2007) (Fitzwater, J.); *Demarsh v. Kunkle*, 2007 WL 328804, at *3 (N.D. Tex. Feb. 5, 2007). Tobias admits in his response that he is not an attorney. (Resp. at 3, ¶10). Plaintiffs' assertion that a non-attorney had a right to provide legal advice to a *pro se* party is therefore without merit, and the motion for judgment on this claim should be granted.

### 3. *Allen's Right to Call Witnesses*

As for the third alleged violation, Allen's assertion of her right to call witnesses at her civil contempt hearing invokes the Sixth Amendment. The protections of the Sixth Amendment, however, extend only to criminal proceedings. *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 242-43 (5th Cir. 1997). Since the March 28, 2006 hearing concerned civil contempt, Allen did not suffer a constitutional violation by not being able to call Tobias as a witness. *Id*. Price's motion should therefore be granted as to this claim.

### 4. *Conspiracy to Deprive Plaintiffs of Property and Due Process*

Finally, Plaintiffs allege that "The Acts of all Defendants are a conspiracy" to deprive them of their property and right to due process. (Compl. at 5, ¶22). Plaintiffs allege Deputy Schwiger

seized items that were not listed on the writ but do not provide any information on Price's alleged involvement in a conspiracy with Deputy Schwiger to deprive them of their property. (*Id*. at 2, ¶9). Similarly, Plaintiffs do not describe Price's alleged involvement in a conspiracy with Defendant Travis, if any, to withhold a videotape. (*Id*. at 4, ¶16). To survive dismissal, Plaintiffs must assert facts "that plausibly demonstrate the existence of an illegal agreement," and "a bare allegation that a conspiracy or agreement exists" is insufficient. *Schafer v. State Farm Fire*, 507 F.Supp.2d 587, 595-96 (E.D.La. 2007). Plaintiffs' bare assertions fail to meet this standard, and the motion for judgment on this claim should therefore be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that *Defendant Kenneth Price's Motion for Judgment on the Pleadings* be **GRANTED,** in part, and that Plaintiff's second, third and fourth claims be **DISMISSED** with **prejudice**.

The Court recommends that Price's motion be **DENIED** with respect to the alleged violation of Tobias's right of access to the courts.

**SO RECOMMENDED** on this 20th day of September, 2008.

_____
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE