IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKIE DIANE ALLEN and | § | |
| RICHARD B. TOBIAS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | Civil Action No. 3:06-CV-1361-M (BH) |
| v. | § | |
| | § | |
| KEN PRICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the District Court's *Order Referring Motion*, filed December 7, 2009, only the amount sought in Defendant's Bill of Costs (Doc. 87), and no other aspects of Plaintiff's objections, has been referred. Having reviewed the pertinent filings and applicable law, the Court finds that $557.70 in costs should be awarded.

**I.  BACKGROUND**

Defendant submitted a bill of costs in the amount of $582.20 as the prevailing party in this action. (Doc. 87.) He seeks $24.50 in court reporter fees for obtaining a transcript of a hearing in this case and $557.70 for copying fees. *Id.* Defendant's counsel's affidavit avers that the billed photocopies "were not made for the convenience of counsel, but for necessary use throughout litigation such as for copies of initial and supplemental disclosures to send to opposing counsel, copies of documents to send to the client, maintenance of records for Defendant's files, conducting discovery, and in preparation for filing the motion for summary judgment motion." (Doc. 88, Exh. A thereto.) Attached to the affidavit are copies of the client invoices for these charges. *Id.*

## II.  ANALYSIS

A prevailing party in a civil action is entitled to recover its costs "unless the court otherwise directs." Fed. R. Civ. P. 54(d).  Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. §§1821, 1920. A district court may decline to award statutory costs but may not award costs omitted from the statute.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir.1993).  The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs.  *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

**A.**     **Copies**

Here, Defendant seeks $557.70 for copies.  Although the supporting client invoices do not specify what transcript or documents were copied or how they were used, the affidavit generally states that the photocopies were not for the convenience of counsel but in order to provide initial and supplemental disclosures, provide copies to the client, maintain Defendant's files, conduct discovery, and prepare for a summary judgment motion.  (Doc. 88 at 2, Exh. A.)

Copies of documents "necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286. Copies obtained simply for the convenience of counsel are not "necessarily obtained for use in the case." *Id*.  While a prevailing party need not identify every photocopy made for use during legal

2

proceedings, it must show that claimed copy costs necessarily result from the litigation. *Id*. The fact that Defendant did not precisely itemize his photocopying costs does not necessarily preclude an award. *See United Teacher Associates Ins. Co. v. Union Labor*, 414 F.3d 558, 574-75 (5th Cir. 2005) (finding that district court did not abuse its discretion in awarding photocopying costs even though prevailing party did not precisely itemize its photocopying costs because counsel made the appropriate declaration under penalty of perjury that the costs were correct and "necessarily incurred in this action"). Although more detail would have been preferable, counsel's affidavit in this case goes beyond a blanket statement and identifies generally the purpose of the copies, such as disclosures, discovery, file copies and a summary judgment motion. *See DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 435 (5th Cir. 2003)(in addition to affidavit that claimed costs were necessary, court received copies of receipts for the payment of costs and brief descriptions of each claimed cost); *compare Kellogg Brown & Root Intern., Inc. v. Altanmia Commercial Marketing Co.*, H-07-2684, 2009 WL 1457632, *6 (S.D. Tex. May 26, 2009)(disallowing copy expenses despite supporting affidavit of counsel averring that costs were "reasonably necessary" and spreadsheet showing copy rate and number of copies on each date because there was no further description of what was copied and reason so that court could determine whether obtained for use in litigation). For this reason, the Court finds that Defendant has met his burden to show that his claimed copy costs were necessary to this litigation, and they should be awarded.

**B.     Copy of Transcript**

Defendant also seeks $24.50 in court reporter fees to obtain a copy of a transcript of a hearing in the case. The affidavit in support of the bill of costs provides no averment regarding the specific transcript obtained, the purpose of the transcript, or whether or how it was used. (Doc. 88

at 2, Exh. A.) Nor does the affidavit aver that the transcript was necessarily obtained for use in the case. The Court therefore finds that Defendant has not met his burden to show that the transcript was necessarily obtained for use in this case, and its cost should be disallowed.

### III. RECOMMENDATION

The Court recommends that Defendant recover $557.70 in taxable court costs.

**SIGNED this 20th day of January, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE